UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JOSEPH L. MCKAY,

    Plaintiff,

v.

CAPIO PARTNERS, LLC,

    Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant mailed letters into this District.

**PARTIES**

3. Plaintiff, JOSEPH L. MCKAY, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, CAPIO PARTNERS, LLC, is a limited liability company formed under the laws of the State of Texas and citizen of the State of Texas with its principal place of business at Suite 150, 2222 Texoma Parkway, Sherman, Texas 75090.

5. Defendant is registered with the Florida Department of State as a foreign limited liability company. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts by sending thousands of debt collection letters per year.

8. Defendant regularly collects or attempts to collect debts for other parties by sending thousands of debt collection letters per year on behalf of other entities.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from his personal medical care at Holy Cross Emergency Physicians in Broward County Florida.

10. The alleged debt consists of amounts due regarding a number of medical visits, the earliest of which occurred on April 26, 2014.

11. Plaintiff's debt went into default with Holy Cross Emergency Physicians for failure to pay.

12. Thereafter, the alleged debt was sold CF Medical, LLC.

13. CF Medical, LLC contracted with Defendant to collect the alleged debt.

14. On or about July 31, 2019, Defendant sent Plaintiff a letter, ("the letter"), attached as Exhibit "A".

15. The letter offers to "resolve these accounts for $2,779.70. This offer will save you 30%".

16. The letters make no mention of the fact that at the alleged debt arising from the April 26, 2014 medical care is time-barred.

17. At the top right of the letter, Defendant misrepresents the date of service of the April 26, 2014 medical care as June 25, 2016.

18. The language of the letter leads the least sophisticated consumer to believe that if he does not "resolve" the account, he risks litigation, when the alleged debt was already time-barred when the letter was sent.

19. The letter falsely represents the legal status of the alleged debt.

20. The letter falsely implies the threat of litigation.

21. In considering a debt collection letter sent on a time-barred debt offering to "resolve" the debt the Eleventh Circuit held:

> We conclude that this language, taken in its entirety, could plausibly deceive or mislead an unsophisticated consumer as to the legal status of the debt, even in the absence of an express threat of litigation.

*Holzman v. Malcolm S. Gerald & Assocs., Inc.*, 920 F.3d 1264, 1272 (11th Cir. 2019)

## COUNT I
## FALSE REPRESENTATION OF THE LEGAL STATUS OF THE ALLEGED DEBT

22. Plaintiff incorporates Paragraphs 1 through 21.

23. Defendant's letter falsely represents the status of the alleged debt in violation of 15 U.S.C. §1692e (2)(A).

3

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FALSE, DECEPTIVE AND MISLEADING THREAT OF LITIGATION REGARDING THE ALLEGED DEBT

24.    Plaintiff incorporates Paragraphs 1 through 21.

25.    Defendant's letter deceptively and misleadingly implies the threat of litigation on a time-barred debt in violation of 15 U.S.C. §1692(e).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## FALSE, DECEPTIVE AND MISLEADING REPRESENTATION

26.    Plaintiff incorporates Paragraphs 1 through 21.

27.    Defendant's letter falsely, deceptively and misleadingly represents, at the top right of the letter, the date of service of the April 26, 2014 medical care as June 25, 2016 in violation of 15 U.S.C. §1692(e).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> don@donyarbrough.com
>
> By: s/ Donald A. Yarbrough
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658